UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darell A. Merritt, #201444, | ) | C/A No. 5:15-cv-02419-MGL-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |

Darell A. Merritt ("Petitioner"), a state prisoner, filed this pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for a Report and Recommendation ("Report") on Respondent's Motion for Summary Judgment and Return. ECF Nos. 15, 16. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 17. Petitioner filed a Response in opposition to Respondent's Motion. ECF No. 22. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment be granted.

I.      Procedural History

Petitioner is currently incarcerated at Perry Correctional Institution, part of the South Carolina Department of Corrections prison system. ECF No. 21. At the time he filed the Petition in this case, Petitioner was incarcerated at Lieber Correctional Institution. Pet. 1, ECF No. 1. Petitioner was charged by grand jury in Greenwood County with murder and third-degree arson.

ECF No. 16-1.[1] On June 3, 2014, Petitioner, represented by Greenwood County Public Defender Janna A. Nelson and Assistant Public Defender Thomas Adducci ("plea counsel"), appeared in General Sessions Court at Laurens, South Carolina before Honorable Frank R. Addy, Jr. ("plea judge") to enter a guilty plea to two of the charged crimes. The State was represented at the plea hearing by Attorney David Stumbo, an Assistant Solicitor, who informed the plea judge that the State had agreed to allow Petitioner to plea "straight up" to murder and arson, with dismissal of the other two pending charges. ECF No. 16-2 at 3-4. Upon questioning by the plea judge, plea counsel Nelson indicated that she agreed with the plea, stated that she and plea counsel Adducci had discussed the sentencing possibilities with Petitioner, and stated that she believed the State had sufficient evidence against Petitioner to convict him if he went to trial. *Id.* at 5-6. Petitioner told the plea judge that he was disabled by back problems and blindness and had been hospitalized twice in the past for depression. He stated that he was taken off several medications "cold turkey" around the time of the incident resulting in the charges against him. *Id.* at 6-7. Petitioner testified that he was taking an antidepressant on the day of the plea, but that it only made him "mellow" and did not sedate him. He told the plea judge that he understood what was going on, and plea counsel Nelson told the plea judge that Petitioner had been evaluated and found competent to stand trial. *Id.* at 8. Petitioner answered affirmatively when he was asked if he understood the potential sentences he was facing if he pleaded guilty and that he understood that no specific sentence was negotiated. *Id.* at 9. After hearing the State's recitation of the facts on the charges against him and agreeing with most of them, but denying that he intended to hurt

---

[1] Petitioner was also charged with animal cruelty and possession of a firearm during commission of a violent crime, but those charges were dismissed in connection with Petitioner's guilty plea. ECF No. 16-2 at 4.

the victim, *id*. at 11-13, Petitioner responded affirmatively to the plea judge's extensive questions about whether he understood the trial-related rights he was giving up by pleading guilty. *Id*. at 14-20. Petitioner also responded that he was satisfied with plea counsel's representation, had met with them enough, and had understood all the conversations he had with counsel. *Id*. at 20-21. Petitioner specifically stated, "I'm the one that wanted to plead guilty." *Id*. at 21. Petitioner denied that anyone had threatened or promised him anything except the dismissal of the other two charges to get him to plead guilty. *Id*. at 21-22. Petitioner told the plea judge that he understood everything that had gone on during the hearing and had answered the questions truthfully. He also said that he was sure he did not want to go to trial, and immediately thereafter, the plea judge found that there was a factual basis for a voluntary plea and accepted Petitioner's guilty plea. *Id*. at 23. After hearing from counsel and the victim's mother and sister and from Petitioner and his brother, the plea judge sentenced Petitioner to forty-five years on the murder conviction and concurrent fifteen years on the arson conviction. *Id*. at 37-38. Petitioner did not file a direct appeal.

Petitioner filed a post-conviction relief ("PCR") application on September 3, 2014, raising numerous grounds for relief charging ineffective assistance of counsel. ECF No. 16-4 at 3-5. The following is a brief summarization of the grounds for relief: failure to adequately investigate; failure to properly investigate mental health and addiction issues; involuntary plea due to improper advice of counsel and threat of more serious sentence to cover up unpreparedness; coerced plea due to attorney saying he was guilty. *Id*. at 5. After the State filed its Return to the PCR application, ECF No. 16-5, an evidentiary hearing was convened on February 17, 2015 at the Greenwood County Courthouse before the Honorable Donald B.

3

Hocker ("PCR judge). Attorney Laura M. Saunders ("PCR counsel") represented Petitioner and

Assistant Attorney General J. Rutledge Johnson represented the State at the hearing. ECF No.

16-6 at 1. At the beginning of the hearing, Petitioner, through PCR counsel, moved to dismiss the

PCR application with prejudice. The PCR judge placed Petitioner under oath and questioned him

about the voluntariness of his request and dismissed the application.[2] The PCR court's order

dated March 2, 2015 is quoted below in its entirety.

> This matter comes before the Court by way of an Application for Post-Conviction Relief filed September 3, 2014. A hearing was convened at the Greenwood County Courthouse on February 17, 2015, at which time the Applicant was present in court and represented by Laura M. Saunders, Esquire. The Respondent was represented by J. Rutledge Johnson of the South Carolina Attorney General's Office. At the hearing, the Applicant and his attorney informed this Court that the Applicant wished to withdraw his application for post-conviction relief with prejudice.
>
> The Applicant was sworn and questioned by the Court about his withdrawal request, to ensure that the withdrawal of the application was free and voluntary and that the Applicant had not been promised anything or threatened, coerced, or induced into withdrawing the application; and that the Applicant was fully satisfied with the services of his appointed attorney in this matter.
>
> Based upon the Applicant's testimony, this Court finds that the dismissal of this application for post-conviction relief is voluntary and that the Applicant has knowingly and intelligently elected to have his application dismissed with prejudice.
>
> **IT IS THEREFORE ORDERED:**
>
> 1. That the application for post conviction relief be dismissed with prejudice; and
>
> 2. That the Applicant be remanded to the custody of the Respondent.

*Id*. at 1-2. Petitioner thereafter filed documents with the Supreme Court of South Carolina that

---

[2] The State has not provided this court with a transcript of the abbreviated PCR hearing although it indicated an intention to supplement the record upon receipt of a transcript. *See* ECF No. 16 at 2 n.2.

were construed as a pro se notice of appeal. On April 8, 2015, the court dismissed the appeal

upon a holding that Petitioner could not appeal the dismissal of the PCR application that he,

himself, had requested. ECF No. 16-7.

II.    Discussion

A.    Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus,

quoted verbatim:

> **GROUND ONE**: Post-conviction counsel advised, no ground of merits of
> ineffectiveness of plea counsel, their noting do [sic] get you any relief.
>
> . . . .
>
> This P.C.R. counsel was paid protect for prejudice & cause for the Federal
> Court's Hear claims of ineffective assistance of plea counsel. See Martinez v.
> Ryan 2012 W.L. 912950. U.S. cause prejudiced. P.R.C. [sic] counsel influence --
> confuse -- discourage signing waiver contest his state hearing -- no -- merits get
> you relief. No ground challenge sentence ineffective assistance of plea counsel.
> Tenth Grade untelligent [sic] made waiving federal constitutional rights -- Nature
> of elements.
>
> . . . .
>
> **GROUND TWO**: For ineffective assistance of guilty plea counsel ineffectiveness
> for protect client of untelligent [sic] knowingly waiver mandate signing federal
> constitution 6th amendment right intelligent made.
>
> . . . .
>
> See Boykin -v- Alabama Rule 395 U.S. 238 1969. Ineffective assistance plea
> counsel. Ineffectiveness at stage protect for the indigent of 6th amendment of
> const. U.S.C.A. us cont's [sic] of counsel, unprofessional error's for not challegn
> [sic] the intellegent [sic] knowingly waiver, explaining all rights being given up
> possibility out come of all circumstance - psychiatric mental illness condition
> Gone cold turkey jerk off medication time crime occurred.
>
> . . . .

5

**GROUND THREE**: Ineffective assistance - post-conviction-counsel advised sign away that actually prejudice biase [sic] cause 6th Amend Right.

. . . .

Indigent state has rights to fairness of due process clause of 14th Amendment's challegen [sic] violation of deprivation an equal protect Sixth Amendment U.S. Const: at post-conviction-hearing-that was paid with State funds by State taxpayer [sic] dollar. Post-conviction counsel should been more help to her client at this stage. Man with just 10th grade education. Know nothing about all constitution rights giving up. Prejudice, post-conviction counsel, failure protection Sixth Amendment of indigent without knowledge of laws rigths [sic] being waived. Constitution right's counsel competence was below standard for her client defense.

ECF No. 1 at 5-8.

B.      Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is

to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

C.    Habeas Corpus Standard of Review

1.    Generally

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its

7

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

### a.    Deference to State Court Decisions

Courts afford deference to state courts' resolutions of the habeas claims of state prisoners. *See Bell v. Cone*, 543 U.S. 447, 455 (2005). The Supreme Court has provided further guidance regarding the deference due to state-court decisions. *Harrington v. Richter*, 562 U.S. 86 (2011); *Cullen v. Pinholster*, 563 U.S. 170 (2011). To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 102. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. In *Harrington*, the Court further stated: "If this standard is difficult to meet, that is because it was meant to be." *Id*.; *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting *Harrington* extensively and reversing district court's grant of writ based on his ineffective assistance of counsel claims).

In interpreting § 2254(d)(1) and discussing the federal courts' role in reviewing legal determinations made by state courts, the United States Supreme Court held as follows:

> [A] federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . [clearly] established Federal law as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting from § 2254(d)(1)). "Clearly established Federal law in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of [the

Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). In considering whether a state-court decision is "contrary to" clearly established federal law, the federal court may not grant relief unless the state court arrived at a conclusion opposite to that reached by the Supreme Court on a legal question, the state court decided the case differently than the Court has on facts that are materially indistinguishable, or if the state court "identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Williams*, 529 U.S. 362, 405-13. The "unreasonable application" portion of § 2254(d)(1) "requires the state court decision to be more than incorrect or erroneous[,]" it "must be objectively unreasonable," which is a higher threshold. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citation omitted).

Section 2254(e)(1) requires the federal court give a presumption of correctness to state-court factual determinations and provides that a petitioner can only rebut such a presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Accordingly, a habeas petitioner is entitled to relief under § 2254(d)(2), only if he can prove, by clear and convincing evidence, that the state court unreasonably determined the facts in light of the evidence presented in state court.

### b.    Ineffective Assistance of Counsel

The Sixth Amendment provides a criminal defendant the right to effective assistance of counsel in a criminal trial and first appeal of right. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 687. Second, the petitioner

must show that this deficiency prejudiced the defense. *Id*. at 694. The United States Supreme Court's 2011 decisions cited previously elaborate on the interplay between *Strickland* and § 2254, noting the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks omitted); *Pinholster*, 563 U.S. at 190.

Further, in *Pinholster*, the Court held for the first time that the federal court's habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Pinholster*, 563 U.S. at 181. The Court explained that "review under § 2254(d)(1) focuses on what a state court knew and did." *Id*. at 182. In the *Pinholster* case, the district court had conducted an evidentiary hearing and considered new evidence in connection with its review and granting of the petitioner's writ based on a finding of ineffective assistance of counsel. *Id*. at 179. In an en banc decision, the Ninth Circuit Court of Appeals affirmed the district court's grant of the writ. *Id*. at 180. The United States Supreme Court granted certiorari and reversed the Ninth Circuit, finding that the district court should not have considered additional evidence that had not been available to the state courts. 563 U.S. at 181. Because the federal habeas scheme "leaves primary responsibility with the state courts," and "requires that prisoners ordinarily must exhaust state remedies," the Court held that to permit new evidence to be presented in a federal habeas court "would be contrary to that purpose." *Id*. at 182 (internal citation and quotation marks omitted).

When a petitioner raises in a § 2254 habeas petition an ineffective-assistance-of-counsel claim that was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense

counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at 101. "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id*. (citing *Williams*, 529 U.S. at 410) (emphasis in original). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." 562 U.S. at 101.

2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate, but related, theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas-corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that –
>
>  (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>  (B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state-court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing a PCR application. State law requires that all grounds be stated in the direct appeal or PCR application. SCACR 203; *see* S.C. Code Ann. §§ 17-27-10 through 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007).

12

Strict time deadlines govern direct appeals and the filing of a PCR application in South Carolina courts. A PCR application must be filed within one year of judgment, or, if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or to the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas-corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id*.

The Supreme Court of South Carolina will refuse to consider claims raised in a second

appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984). However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), *Teague v. Lane*, 489 U.S. 288, 297-98 (1989), *George v. Angelone*, 100 F.3d 353, 363 (4th Cir.

14

1996), and *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)). Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). To overcome a respondent's contention, it is a petitioner's burden to raise cause and prejudice or actual innocence. If not raised by the petitioner, the court need not consider the defaulted claim. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1362-63 (4th Cir. 1995).

c.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495-96; *see Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) ("A prisoner may obtain federal review by showing cause for the default and prejudice from a violation of federal law.") (quoting *Coleman*, 501 U.S. at 750). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. Pursuant to *Martinez v. Ryan*, an error by a prisoner's post-conviction counsel during his initial state collateral review proceeding can qualify as "cause" to excuse the procedural default of a claim of trial counsel ineffectiveness claim if: (1)

15

state law required the prisoner to wait until post-conviction review to raise *Strickland* claims; (2) the prisoner's underlying *Strickland* claim is "substantial"; and (3) the prisoner can establish that his post-conviction counsel was ineffective under the *Strickland* standard. 132 S. Ct. 1309, 1318-19 (2012).

### 3.    Claims of Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Petitioner bears the burden of proving an error and prejudice in his ineffective-assistance-of-counsel claim. *Id*.

### III.    Analysis

#### A.    Non-Cognizable Grounds One and Three

##### 1.    The Parties' Contentions

Respondent contends that both of Petitioner's Grounds One and Three, each asserting ineffective assistance of PCR counsel, are not cognizable in this federal habeas-corpus action. ECF No. 16 at 11-12. Petitioner acknowledges that "ineffective assistant [sic] of PCR counsel is not a ground for relief . . . ." ECF No. 22 at 3. However, Petitioner responds that PCR counsel's ineffectiveness is relevant to Petitioner's Ground Two under *Martinez v. Ryan*. *Id*. at 3-4.

##### 2.    Discussion

Respondent is correct in his argument that Petitioner's Grounds One and Three are not cognizable. This is true because both points allege that error occurred during Petitioner's PCR case. The text of 28 U.S.C. § 2254 itself supports this conclusion. *See* 28 U.S.C. § 2254(i) ("The

ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Bryant v. Maryland*, 848 F.3d 492, 493 (4th Cir. 1988); *Taylor v. Warden at Allendale,* No. 2:13-cv-2213-RMG, 2014 WL 4721183, ** 4-5 (D.S.C. Sept. 22, 2014).

In *Martinez v. Ryan*, cited by Petitioner, the United States Supreme Court determined only that ineffective assistance of PCR counsel may be used by a habeas petitioner to show or satisfy the "cause" requirement for avoidance of procedural default of an otherwise clearly stated claim of ineffective assistance of *trial* counsel. 132 S.Ct. at 1320. While Petitioner cites to *Martinez* in his Response to Respondent's Motion for Summary Judgment wherein he argues against Respondent's contention that his Ground Three is procedurally defaulted, ECF No. 22 at 3-4, he does not, rely on *Martinez* or any other law to oppose Respondent's assertions of non-cognizabililty of Grounds One and Three.[3] Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Grounds One and Three as stated in the Petition.

B.     Procedurally Barred Ground Two

1.     The Parties' Contentions

Respondent contends that Petitioner's claims that plea counsel was ineffective in numerous ways are procedurally barred because they were not raised and argued during the PCR

---

[3] Petitioner's lack of response to Respondent's contentions regarding non-cognizability amounts to a concession that Grounds One and Three are not cognizable in this case. *See Petrucelli v. Dep't of Justice*, No. 11-1780(RBW), 2014 WL 2919285, *7 (D.D.C. June 27, 2014) (prisoner case; citing *Maydak v. DOJ*, 579 F. Supp.2d 105, 107 (D.D.C. 2008); *see also Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument.").

hearing. ECF No. 16 at 12. Respondent further contends that Petitioner's reliance on *Martinez v. Ryan* is unavailing because Petitioner cannot show that his claim of ineffective assistance of plea counsel is substantial in light of the contents of the transcript of the plea hearing. *Id*. at 11, 13-16. Petitioner responds that *Martinez v. Ryan* applies in this case because default of this Ground was caused by PCR counsel error and the record shows that his plea was involuntary because he told the plea judge that he did not intend to harm the victim, but that plea counsel did nothing to halt the plea hearing at that time.[4] ECF No. 22 at 5-6.

2.    Applicable Law

A guilty plea is constitutionally valid if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id*. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). A plea is knowingly and intelligently made if a defendant is "'fully aware of the direct consequences'" of his guilty plea and not induced by threats, misrepresentation, including unfulfilled or unfulfillable promises, or by "'promises that are by

---

[4] Petitioner does not refer in his Response to any of the other areas mentioned in the Petition as evidence of ineffectiveness such as the extent of plea counsel's investigation into the crime scene or into Petitioner's mental health. However, even if he had referred to them, the transcript of the plea hearing negates any ineffectiveness in this regard because Petitioner clearly expressed satisfaction with plea counsel's representation, refuting his claim of lack of investigation, and his alleged mental condition and drug usage were brought to the plea judge's attention by plea counsel both during testimony at the beginning of the hearing and in sentencing arguments following acceptance of the plea. ECF No. 16-1 at 7-8, 20-21, 31-33.

their nature improper as having no relationship to the prosecutor's business.'" *Brady v. United States*, 397 U.S. 742, 755 (1970) (quoting *Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1957)). Because a guilty plea is a solemn, judicial admission of the truth of the charges against an individual, a criminal inmate's right to contest the validity of such a plea is usually, but not invariably, foreclosed. *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977). Therefore, statements made during a guilty plea should be considered conclusive unless a criminal inmate presents reasons why he should be allowed to depart from the truth of his statements. *Crawford v. United States*, 519 F.2d 347 (4th Cir. 1975), *overruled on other grounds by United States v. Whitley*, 759 F.2d 327, 350 (4th Cir. 1985); *Edmonds v. Lewis*, 546 F.2d 566, 568 (4th Cir. 1976).

Moreover, if a state requires a prisoner to raise ineffective assistance of trial counsel in a collateral proceeding, the *Martinez* Court determined a prisoner may establish cause for a default of a claim of ineffective assistance of trial/plea counsel in the following two circumstances:

> [1] where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial [and 2] where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

132 S. Ct. at 1318; *see LaRoche v. Dunlap*, No. 4:14-CV-00222-JMC, 2015 WL 1298473, at *11 (D.S.C. Mar. 23, 2015) (petitioner did not establish a "substantial" ineffective assistance of trial counsel claim and "failed to meet the requirements of *Martinez* to show that his PCR counsel was ineffective"), *appeal dismissed*, 607 F. App'x 323 (4th Cir. 2015); *see also Sexton v.*

*Cozner*, 679 F.3d 1150, 1161 (9th Cir. 2012) ("Because [the petitioner] has not shown that [PCR counsel] was ineffective, he has not shown cause to excuse his procedural default, and therefore, has not shown that his case warrants remand under *Martinez*.").

3.      Discussion

Petitioner's Ground Two was, admittedly, procedurally defaulted when Petitioner failed to pursue the underlying claim of ineffectiveness of plea counsel at the PCR hearing, but he maintains here that *Martinez* establishes "cause" for the default. However, to overcome the default, *Martinez* requires Petitioner to demonstrate that the underlying claim of ineffective assistance of plea counsel is substantial or has merit. *See* 132 S. Ct. at 1318. Moreover, even if Petitioner could successfully prove that his plea counsel acted unreasonably, he still must prove that the unreasonable performance was prejudicial. Petitioner offers no such evidence in this case other than to say, without any supporting proof, that plea counsel should have stopped the plea hearing during the discussion between Petitioner and the plea judge about the State's factual statement. ECF No. 22 at 5-6. Petitioner does not dispute the truth of any of the affirmative responses he gave to the plea judge's questions about whether he understood the proceedings, whether he was satisfied with plea counsel's representation and explanations, and whether he wanted to plead guilty regardless of the statement on which he now relies.[5] Thus, Petitioner has not shown anything that would overcome the "strong presumption of veracity" carried by his statements at the guilty plea hearing of a voluntary, knowing, and intelligent decision to plead guilty. *See United States v. Morrow*, 914 F.2d 608, 614 (4th Cir.1990); *Turner v. Warden,*

_____

[5] Petitioner also does not dispute the PCR judge's finding that Petitioner's testimony at the PCR hearing showed a voluntary request for dismissal of the PCR application.

*Livesay Corr. Inst.*, No. CIV.A. 6:11-2692-RBH, 2012 WL 3834840, at *9 (D.S.C. July 27, 2012) *report and recommendation adopted*, No. 6:11-CV-02692-RBH, 2012 WL 3834863 (D.S.C. Sept. 4, 2012). Furthermore, in light of his other testimony at the plea hearing wherein he clearly acknowledged firing the gunshots that killed the victim and setting fire to the room and his understanding that he was facing a possible life sentence, Petitioner has failed to demonstrate that even if plea counsel had stopped the plea hearing when Petitioner told the plea judge that he did not intend to harm the victim, he would have refused to plead guilty and would have gone to trial. Thus, he fails to show how plea counsel's asserted ineffectiveness prejudiced the defense or would have changed the outcome of his criminal case and fails to show a substantial claim of ineffectiveness of plea counsel. As a result, Petitioner fails to prove the first prong of *Martinez*: that PCR counsel was ineffective in failing to raise and argue that plea counsel was ineffective. *See Gray v. Pearson*, 526 F. App'x 331, 333 (4th Cir. 2013) (under the first requirement of the *Martinez* exception, Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit."); *see also Ford v. McCall*, No. 8:12-2266-GRA, 2013 WL 4434389, at *11 (D.S.C. Aug. 14, 2013) (citing *Horonzy v. Smith*, No. 11-234, 2013 WL 3776372, at *6 (D. Idaho Sept. 12, 2012) ("The application of the *Strickland* test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. This standard is a high one.").

Because Petitioner cannot demonstrate that his claim of ineffective assistance of plea counsel was substantial and that PCR counsel was ineffective under *Strickland* in failing to raise the claim, he cannot establish the cause requirement under *Martinez* excusing the procedural default of this claim. The issue raised in Ground Two is without merit and should be dismissed based on Petitioner's procedural default. *See Martinez*, 132 S. Ct. at 1320; *Mazell v. Evatt*, 88 F.3d 263, 69 (4th Cir. 1996) (finding in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court."). As a result, the issue raised in Ground Two is without merit and should be dismissed based on Petitioner's procedural default. *See Martinez*, 132 S. Ct. at 1320; *Mazell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (finding in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court."). The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Petitioner's Ground Two as stated in the Petition.

IV.    Conclusion

The undersigned has considered all three of Petitioner's Grounds for habeas relief and recommends that the Petition be dismissed. It is recommended that Respondent's Motion for

Summary Judgment, ECF No. 15, be GRANTED, and that the Petition in this case be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

April 20, 2016                              Kaymani D. West
Florence, South Carolina                   United States Magistrate Judge

**The parties' attention is directed to the important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).