IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darell A. Merritt, | ) Civil Action No. 5:15-2419-MGL |
| Petitioner, | ) |
| v. | ) **ORDER** |
| Warden Joseph McFadden, | ) |
| Respondent. | ) |

Petitioner Darell A. Merritt, ("Petitioner"), a self-represented state prisoner, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On April 20, 2016, the Magistrate Judge issued a Report, (ECF No. 24), recommending that Respondent's Motion for Summary Judgment, (ECF No. 15), be granted and that the petition be dismissed with prejudice. Objections to the Report were due by May 9, 2016. Petitioner did not file an Objection to the Report. Respondent did file a document titled "Objections," (ECF No. 26), although this filing neither disputes the legal reasoning nor ultimate recommendation of the Report. In any event, the Court has reviewed all pertinent filings, and the matter is now ripe for decision.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record, including, in particular, the Report and Respondent's Objection. The Court has undertaken this *de novo* review, even though Respondent's "Objection" challenges neither the legal reasoning nor ultimate recommendation of the Report. Instead, Respondent takes issue with footnote 2 on page 4 of the Report, suggesting that the footnote wrongly implies a failure on Respondent's part to provide to the Court a certain hearing transcript in its possession. Respondent asks the Court to clarify that he himself never possessed the transcript in question and, therefore, was never in a position to provide it to the Court. The Court is satisfied, however, that footnote 2 of the Report does not require clarification, as it does not state or even necessarily imply possession of the transcript on the part of Respondent. Nor does the language imply any other wrongdoing on Respondent's part that would require official correction of the Report. In short, the Court is satisfied that the record on the matter of this particular hearing transcript and its possession is sufficiently clear to accept the Report without correction.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 24), overruling Respondent's "Objections." (ECF No. 26). Respondent's Motion for Summary Judgement, (ECF No. 15), is **GRANTED**, and the petition is **DISMISSED** with prejudice.

### Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©.  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

                                               s/Mary G. Lewis
                                               United States District Judge

May 18, 2016
Columbia, South Carolina

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.